UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>IMKO WORKFORCE SOLUTIONS, et al.,<br><br>    Defendants. | No. 2:17-cv-1026-MCE-KJN PS<br><br>ORDER |

Plaintiff Ray Stevens, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In this case, plaintiff alleges that, around December 21, 2014, he applied to defendant IMKO Workforce Solutions, a screening and placement agency, for an electrician assembler position with defendant Unison Corporation. However, on January 27, 2015, plaintiff was informed that he was disqualified from employment, and would not be hired at Unison, because

of his criminal record.  According to plaintiff, he was told that the disqualification was job related and consistent with company business necessity.  When plaintiff inquired further, one representative informed plaintiff that he could not have any criminal record, and another representative stated that he could not have any felonies or serious misdemeanors.  Plaintiff admits that he has a misdemeanor from 2010 for using his brother's driver's license and a misdemeanor from 2013 for petty theft, but does not believe that those convictions are job related or require exclusion from an electrician assembler position.  Plaintiff contends that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act and on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA").

Plaintiff's complaint is subject to dismissal, because it states, on its face, a legitimate reason for why defendants refused to hire plaintiff.  Generally, employers are free to refuse to hire applicants with any criminal record without violating Title VII or the ADEA, even if plaintiff personally disagrees with the relevance of such a requirement for the position he seeks.  Furthermore, although plaintiff alleges that the reason given for the refusal to hire was pretextual, his allegation in that regard is entirely conclusory and unsupported by any specific factual allegations.

In light of the above, the court dismisses plaintiff's complaint, but with leave to amend.  If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall address the deficiencies outlined above; and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint.  If plaintiff determines that he is unable to amend his complaint to state a viable claim in accordance with his obligations under Federal Rule of Civil Procedure 11, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed with leave to amend.
3. Within 28 days of this order, plaintiff shall file either a first amended complaint in compliance with this order or a request for voluntary dismissal of the action without prejudice.
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 16, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4