UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>IMKO WORKFORCE SOLUTIONS, et al.,<br><br>    Defendants. | No. 2:17-cv-1026-MCE-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

On June 16, 2017, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed plaintiff's original complaint with leave to amend.[1]  (ECF Nos. 1-3.)  Thereafter, on July 26, 2017, plaintiff filed a first amended complaint, which remains pending for screening in accordance with 28 U.S.C. § 1915.  (ECF No. 4.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). However, the court is not required to grant leave to amend when it would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

In this case, plaintiff alleged in his original complaint that, around December 21, 2014, he applied to defendant IMKO Workforce Solutions, a screening and placement agency, for an electrician assembler position with defendant Unison Corporation. However, on January 27, 2015, plaintiff was informed that he was disqualified from employment, and would not be hired,

at Unison, because of his criminal record. According to plaintiff, he was told that the disqualification was job related and consistent with company business necessity. When plaintiff inquired further, one representative informed plaintiff that he could not have any criminal record, and another representative stated that he could not have any felonies or serious misdemeanors. Plaintiff admits that he has a misdemeanor from 2010 for using his brother's driver's license and a misdemeanor from 2013 for petty theft, but does not believe that those convictions are job related or require exclusion from an electrician assembler position. Plaintiff contends that he was discriminated against on the basis of his race in violation of Title VII of the Civil Rights Act and on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"). (See ECF No. 1.)

As noted above, the court dismissed plaintiff's original complaint with leave to amend. The court observed that the original complaint stated, on its face, a legitimate reason for why defendants refused to hire plaintiff. Generally, employers are free to refuse to hire applicants with any criminal record without violating Title VII or the ADEA, even if plaintiff personally disagrees with the relevance of such a requirement for the position he seeks. Furthermore, although plaintiff alleged that the reason given for the refusal to hire was pretextual, his allegation in that regard was entirely conclusory and unsupported by any specific factual allegations. Nevertheless, the court concluded that plaintiff should be provided an opportunity to potentially correct any such deficiencies in an amended complaint. (See ECF No. 3.)

In the first amended complaint, plaintiff alleges pretext, because the defendants purportedly provided two separate reasons for their failure to hire plaintiff: (1) they informed him that it was due to his criminal history; and (2) in defendants' response to plaintiff's EEOC charge, defendants stated that the group in which plaintiff was supposed to work was laid off because a contract got terminated. Plaintiff essentially claims that defendants' alleged equivocation suggests pretext in violation of Title VII and the ADEA. The court respectfully disagrees. Whether the first reason, the second reason, or both reasons were behind defendants' failure to hire plaintiff, there are no factual allegations, beyond plaintiff's conclusory assertion, that plaintiff's race or age played any role in the decision not to hire plaintiff. As such, plaintiff has

plainly not alleged a prima facie claim of race or age discrimination.

The court has carefully considered whether further leave to amend should be granted. Plaintiff has already been notified of the specific deficiencies of his claims, and has been provided an opportunity to correct them. Although plaintiff is proceeding without counsel, plaintiff's claims of race and age discrimination are not particularly complex, and one would have expected even a layperson to have been able to articulate the basic facts in support of such claims. However, despite having received clear notice of the deficiencies of his claims, plaintiff failed to cure them. Therefore, and because plaintiff's claims also appear frivolous, the court finds that granting further leave to amend would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend.
2. The action be dismissed with prejudice.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of those findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to further motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

4

IT IS SO ORDERED AND RECOMMENDED.

Dated:  September 26, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE